*Formatted for Electronic Distribution* *Not for Publication*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF VERMONT**

Filed & Entered
On Docket
12/02/2025

In re:

    Daniel S. Banyai,                                         Case # 24-10242
        Debtor.                                             Chapter 7

### MEMORANDUM OF DECISION DENYING DEBTOR'S MOTION FOR RECONSIDERATION

Debtor requests this Court to reconsider its prior order granting the Town of Pawlet (the Town) relief from the automatic stay to pursue its non-bankruptcy rights to foreclose on its liens on real property located at 541 Briar Hill Road, West Pawlet, Vermont (the Property).[1] The Town asserts this Court should not reconsider its prior order because Debtor has failed to meet his burden of proof.[2] For the reasons articulated below, the Court agrees with the Town and denies Debtor's Motion to Reconsider.

### JURISDICTION

The Court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157, 1334, and the Amended Order of Reference entered by the U.S. District Court on June 22, 2012. The Court determines that pursuant to 28 U.S.C. § 157(b)(2)(G), this proceeding contains core matters, over which this Court has constitutional authority to enter a final judgment.

### FACTUAL BACKGROUND

As this Court has previously detailed, Debtor and the Town (the Parties) have been

---

[1] ECF 48.

[2] ECF 55.

involved in ongoing litigation concerning the Property since 2019.[3] This Court first plunged into the Parties' litigation history when considering Debtor's motion to avoid the judicial liens of the Town. The Court ultimately found that while the Debtor had a valid homestead exemption in the Property as of the Petition Date, that homestead exemption did not protect the Property from the Town's liens under Vermont law. Following the Court's decision on Debtor's motion to avoid the Town's judicial liens, the Town moved for relief from the automatic stay (the Motion for Relief).[4]

The Town noticed the Motion for Relief under this Court's default procedure.[5] The Court held an initial hearing on the Motion for Relief on August 15, 2025 (the Initial Hearing).[6] At the Initial Hearing, the Court directed the Town to re-notice the Motion for Relief and provide notice directly to Debtor in accordance with Vt. LBR 4001-1(d).[7] During the Initial Hearing, Debtor concedes he was physically present in the courtroom.[8]

After the Town re-noticed the Motion for Relief,[9] the Court held a hearing on October 3, 2025. At that time, Debtor was represented by counsel who appeared at the hearing and represented he had experienced communication issues with his client and that he had received no instructions or guidance on Debtor's position on the Motion for Relief.[10] Because the Town established relief

---

[3] *See* Exhibit 1C, Decision on Post-Judgment Motion for Contempt and Fines, ECF 26-3; *see also* Town of Pawlet v. Banyai, No. 105-9-19 Vtec.

[4] *See* Town of Pawlet's Motion for Relief from Stay, ECF 33.

[5] ECF 33-1.

[6] *See* Hearing Held dated August 15, 2025.

[7] "A creditor seeking relief from stay must file a motion with a certificate of service showing service of the motion on the debtor, the debtor's attorney (if any), the case trustee (if any), any parties affected by the motion or having an interest in the property that is the subject of the motion, all parties in interest who have requested notice and the United States Trustee." The Town's initial certificate of service did not meet these requirements.

[8] On August 15, 2025, Debtor was present in the courtroom with counsel representing him in an adversary proceeding which had a hearing set for the same day.

[9] *See* ECF 38 and 39.

[10] *See* ECF 59 at 1:53-2:20.

2

from stay was appropriate under §§ 362(d)(1) and (2), the Court granted the Town's request for in rem relief and denied the Town's in personam relief against the Debtor.[11]

On October 17, 2025, the Court received a letter from Debtor which the Court deemed to be the Motion to Reconsider.[12] In Debtor's letter, Debtor reiterated communication issues with his counsel and absent such communication issues he would not have missed the hearing because he wishes to keep the Property. Debtor later supplemented the Motion to Reconsider.[13] Debtor claims he did not receive information from his attorney about the Motion for Relief or that the Court would hold a hearing on the motion.[14] The Debtor further claims that he has been unduly prejudiced by the granting of the Motion for Relief.[15] Debtor argues he was unduly prejudiced by the non-performance and lack of communication with his attorney and that he had not been in communication with his attorney since June 2025.

Due to the lack of communication, Debtor's counsel withdrew as counsel of record.[16]

The Town objects to the Motion to Reconsider on independent grounds. Primarily, the Town disputes Debtor did not have notice of the Motion for Relief because he was present in the courtroom during the Initial Hearing and the Town re-noticed the Motion for Relief at this Court's direction, which included direct notice to Debtor in addition to notice to his attorney.[17] During the Initial Hearing, the Town made clear it would re-notice the Motion for Relief. While Debtor claims he received no information about the Motion for Relief from his attorney, he does not address the

---

[11] ECF 44.
[12] ECF 48.
[13] ECF 53.
[14] ECF 53, ¶ 5.
[15] ECF 53, ¶ 9.
[16] ECF 49 and 62. Debtor supported his attorney's withdrawal. ECF 53.
[17] ECF 55.

3

fact that the record in this case demonstrates he received actual notice directly from the Town. In addition, the Town argues its Motion for Relief was premised upon the undisputed facts which were presented in connection with the contested matter on Debtor's motion to avoid the Town's judicial liens. Thus, no relief would be warranted under Federal Rule of Civil Procedure 60(b), made applicable to this case by Federal Rules of Bankruptcy Procedure 9024.[18]

At the October 3, 2025, hearing, Debtor's attorney confirmed Debtor had been provided actual notice of the Motion for Relief and the Notice of Hearing, for each hearing on the Motion for Relief.[19] Following that hearing and the Court's findings that in rem relief was proper, the Court granted the Motion for Relief.[20]

The Court held a hearing on the Motion to Reconsider on November 14, 2025, at which Debtor and counsel for the Town appeared. During this hearing, Debtor articulated he had been prejudiced due to his lack of representation and knowledge regarding the process and inferred he had a valid argument against the Motion for Relief.[21] When asked, Debtor was unable to provide a cogent argument to support a valid argument that the Motion for Relief had been granted in error and implied alternative counsel would be necessary to help him identify and present such an argumnet. However, Debtor had not yet sought alternative counsel to assist him in that endeavor. Given the status of the state court foreclosure proceeding, the Court allowed Debtor until November 21, 2025, to file either a supplement the record to further support his Motion to

---

[18] ECF 55.

[19] ECF 59 at 1:53-2:20.

[20] ECF 44.

[21] Debtor claims that he had delivered paperwork to his attorney for defense of the Motion for Relief. When specifically questioned about the nature of the paperwork, Debtor did not elaborate on what, if any, would have been presented by his attorney on his behalf. Debtor's counsel represented at the October 3, 2025 hearing that there was no legal basis to object to the Motion for Relief.

4

Reconsider or a status report on his efforts to retain alternative counsel.[22] Regardless of whether Debtor chose to file something or nothing at all, the Court advised the Motion to Reconsider would be deemed fully submitted as of December 1, 2025, at which time the Court would rule on the relief requested based upon the status of the record at that time. Against this backdrop, the Court considers the Motion to Reconsider fully submitted and ripe for determination.

## DISCUSSION

The standard for granting a motion to reconsider is strict.[23] Federal Rule of Civil Procedure 60, which is made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 9024, provides:

> (b) **Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.[24]

The rule "strikes a balance between serving the ends of justice and preserving the finality of judgments."[25] "A motion for relief from judgment is generally not favored and is properly

---

[22] Debtor filed no supplement or status report by this date.

[23] *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

[24] Fed. R. Civ. P. 60(b).

[25] *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986).

5

granted only upon a showing of exceptional circumstances."[26] "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."[27]

"The burden is on the moving party to demonstrate that it is entitled to relief, and courts generally require that the evidence in support of the motion to vacate a final judgment be highly convincing."[28] Motions under Rule 60(b) are addressed to the sound discretion of the court.[29]

Debtor presents no evidence to support relief under Rule 60(b) of the Federal Rules of Civil Procedure. Debtor makes no argument of mistake, inadvertence, surprise, or excusable neglect under Rule 60(b)(1). To the extent Debtor claims his lack of communication with his attorney supports a finding of mistake, inadvertence, surprise or excusable neglect, the Court is not persuaded. The record in this case demonstrates the Town re-noticed the Motion for Relief to specifically provide notice directly to Debtor and his attorney in accordance with the local rules. The record does not support a finding of mistake, inadvertence, surprise or excusable neglect. Likewise, Debtor makes no reference and provides no evidence to support findings under Rule 60(b)(2)-(5). The only remaining element is whether any other reason justifies relief from this Court's Order Granting, In Part, the Town's Motion for Relief under Rule 60(b)(6).

At the hearing on the Motion to Reconsider, Debtor claimed he sent information to his former attorney in response to the Motion for Relief.[30] During the hearing, the Court specifically

---

[26] *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001).

[27] *Shrader*, 70 F.3d at 257.

[28] *Thai-Lao Lignite (Thailand) Co., Ltd. v. Gov't of Lao People's Democratic Republic*, 864 F.3d 172, 182 (2d Cir. 2017) (internal quotation marks omitted).

[29] *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012).

[30] This position contravenes Debtor's argument that he did not have notice of the Motion for Relief.

asked Debtor what the information he referenced contained. Debtor could not articulate what evidence he would have presented which would change the outcome or present a basis to deny the Motion for Relief.[31]

Based upon the foregoing and the entire record in this case, the Court finds Debtor has failed to demonstrate that he is entitled to relief.[32]

## CONCLUSION

For the reasons set forth above, the Motion to Reconsider is denied.

This memorandum decision constitutes the Court's findings of fact and conclusions of law. A separate order will issue.

December 2, 2025  
Burlington, Vermont

Heather Z. Cooper  
United States Bankruptcy Judge

---

[31] *See* ECF 67 at 3:45-6:15.

[32] *Thai-Lao Lignite (Thailand) Co., Ltd.*, 864 F.3d at 182.